IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02766-PAB-MJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

104 MISCELLANEOUS FIREARMS,

Defendant.

## ORDER REGARDING
## INTERESTED PARTY KARL PAYNE'S MOTION TO STAY THE PROCEEDINGS
## (DOCKET NO. 22)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Interested Party Karl Payne's Motion to Stay the Proceedings (docket no. 22).  The court has reviewed the subject motion (docket no. 22) and the responses (docket nos. 25 and 27) thereto.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following finding of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and district of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Karl Payne has been and continues to be the subject of a related criminal investigation. The criminal investigation is not just parallel, but it is identical to the subject matter of the case at bar;

5. That Karl Payne has standing to assert a claim in this forfeiture action;

6. That courts should endeavor to accommodate the claimant's Fifth Amendment right in forfeiture proceedings. United States v. A Certain Parcel of Land, 781 F. Supp 830, 834 (D.N.H. 1992) (citing United States v. Parcels of Land, 803 F.2d 36, 44 (1st Cir. 1990)). "Stay[ing] . . . the civil case prevents the government from using civil discovery as a means to obtain information to flesh out the criminal case against the claimants." United States v. Certain Real Prop., 579 F.3d 1315, 1321 n.7 (11th Cir. 2009); and,

7. That pursuant to 18 U.S.C. § 981(g)(2), I find that the claimant Payne is the subject of a related criminal investigation and that he has a statutory right to a stay.

**ORDER**

**WHEREFORE**, based upon these finding of fact and conclusion of law this court **ORDERS**:

1. That the Interested Party Karl Payne's Motion to Stay the

Proceedings (docket no. 22) is GRANTED;

2. That this case is STAYED until further Order of Court;

3. That the Rule 16 Scheduling Conference set on February 17, 2011, at 9:00 a.m. is VACATED;

4. That the parties shall file a joint written Status Report with this court on the first day of each month beginning on April 1, 2011.  Such Status Report shall provide this court with an update regarding the criminal investigation involving claimant Payne; and

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 14th day of February 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE