IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02766-PAB-MJW

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

104 MISCELLANEOUS FIREARMS,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Opposed United States' Motion to Lift the Stay of the Proceedings and Order Pro Se Party Karl Payne to File a Judicial Claim and Answer (docket no. 56) is GRANTED for those reasons as outlined in the subject motion. The STAY of proceedings is VACATED.

It is FURTHER ORDERED that Pro Se Claimant Karl Payne shall file his Judicial Claim and Answer consistent with Fed. R. Civ. P. Supplemental Rule G(5) on or before June 23, 2011, or be subject to default.

It is FURTHER ORDERED that this case is set for a Rule 16 Scheduling Conference before Magistrate Judge Watanabe on June 28, 2011, at 9:00 a.m., in Courtroom A-502, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294. The parties shall file their proposed Rule 16 Scheduling Order with the court on or before June 23, 2011.

Here, I find that the Pro Se Claimant Karl Payne filed a document captioned "Motion to Oppose Lifting of the Stay! And Motion for a Hearing!" (Docket no. 59). This pro se "motion" is really a response to the subject motion (docket no. 56). Moreover, in the "motion" [response], the Pro Se Claimant Karl Payne seeks an appointment of counsel in violation of D.C.COLO.LCivR 7.1 C that states, *in pertinent part*, "... A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." Accordingly, this court will not address the request for appointed counsel by the Pro Se Claimant Karl Payne since he has sought such relief in violation of D.C.COLO.LCivR 7.1 C.

Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." **Odgen v. San Juan County, 32 F.3d 452,**

2

***455 (10th Cir. 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979***

The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court.  ***Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)*** (pro se plaintiffs are held to the same rules of procedure which apply to other litigants).

It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  ***Gibson v. City of Cripple Creek, 48 F 3d 1231, (10th Cir. 1995).***

Date:  May 24, 2011