IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02766-PAB-MJW

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

104 MISCELLANEOUS FIREARMS,

Defendant(s).

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Claimant Karl V. Payne, Jr.'s Motion for Cross Claim (docket no. 82) is DENIED for the reasons stated below, and Mr. Payne's Cross Claim is STRICKEN. This subject motion (docket no. 82) states, *in pertinent part*:

> Claimant/Defendant, Karl V. Payne Jr. (hereto after "Claimant"), by and through himself as Pro Se' counsel (which was forced upon claimant) respectfully submits this Motion.
>
> > 1. Claimants disability funds were used for this case. Claimant hereby makes a motion for a cross claim in the amount of $600,000.
>
> Claimant therefore requests this court schedule a hearing on this Matter?

It is **FURTHER ORDERED** that Claimant Karl V. Payne, Jr.'s Pro Se Motion for a Counter Claim (docket no. 83) is DENIED for the reasons stated below, and Mr. Payne's Counterclaim is STRICKEN. The subject motion (docket no. 83) states, *in pertinent part*:

> Claimant/Defendant, Karl V. Payne Jr. (hereto after "Claimant"), by and through `himself as Pro Se' counsel (which was forced upon claimant) respectfully submits this Motion.
>
> > 1. Claimants disability funds were used for this case. Claimant hereby makes a motion for a counterclaim in the amount of $600,000.
>
> Claimant therefore requests this court schedule a hearing on this Matter?

2

It is **FURTHER ORDERED** that based upon the ruling above concerning docket no. 83, the United States' Motion to Dismiss Mr. Payne's Motion for Counterclaim (docket no. 89) is DENIED AS MOOT.

As to subject motions above (docket nos. 82, 83, and 89), I find that "[a] claim [counterclaim or cross claim] has facial plausibility when the plaintiff [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant [plaintiff and co-claimant] is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although the complaint [counterclaim or cross claim] need not recite "detailed factual allegations, . . . the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Christy Sports, LLC v. Deer Valley Resort Co., 555 F.3d 1188, 1191 (10th Cir. 2009). "[D]espite the liberality of modern rules of pleading, a complaint [counterclaim or cross claim] still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008). Here, the Pro Se Claimant Payne has failed to plead enough factual allegations to raise a right to relief above the speculative level and has further not filed, in conjunction with the above subject motions (docket nos. 82 and 83), an Amended Answer and Counterclaim or Cross-Claim. For these reasons, the subject motions (docket nos. 83 and 82) should be denied.

It is hereby **FURTHER ORDERED** that Claimant Marie Rehm's Second Unopposed Motion for Extension of Time to Serve Written Discovery (docket no. 94) is DENIED finding no factual basis for such relief. The discovery cut off date is November 3, 2011. See paragraph 9 b. in the Scheduling Order [dated June 28, 2011] (docket no. 94).

It is **FURTHER ORDERED** that Claimant Karl V. Payne, Jr.'s Motion to File Information Pertinent to this Case for the Courts Consideration and the Appointment of Counsel (docket no. 97) is DENIED. This court previously appointed attorney Sean M. McDermott to represent Mr. Payne. See docket nos. 16 and 24. On February 17, 2011, Mr. McDermott filed a Motion to Withdraw as Attorney (docket no. 31). At a hearing on such motion before Magistrate Judge on March 22, 2011, Mr. McDermott withdrew his Motion to Withdraw as Attorney (docket no. 31). See docket no. 46. At this hearing, Magistrate Judge informed Mr. Payne that he needed to cooperate and work with his attorney, Mr. McDermott, and further that the court would not be inclined to appoint a second attorney for Mr. Payne since he has been appointed competent counsel, namely, Mr. McDermott. However, on April 18, 2011, Mr. McDermott filed a second Motion to Withdraw as Attorney (docket no. 50). Averment number 4 in docket no. 50 states: "However, Mr. Payne has stated that he does not want counsel to represent him and that counsel is not authorized to do anything on his behalf." Moreover, averment number 8 in docket no. 50 states: "Mr. Payne has not been advised that he has the right to object to this Motion to Withdraw, since Mr. Payne has stated that he does not want counsel to represent him." Mr. Payne responded to docket no. 50 by filing a document captioned

3

"Motion [Response] for Opposition to Attorney's Motion to Withdraw and Motion for a Hearing on same!" See docket no. 54.  The Response is made up of ten pages of rambling paragraphs, but the thrust of this Response is that Mr. Payne and Mr. McDermott were not getting along, the attorney-client relationship had deteriorated to the point where Mr. McDermott could no longer effectively represent Mr. Payne, and Mr. Payne did not want Mr. McDermott to represent him in this case.  On page 2 in the Response [second paragraph from the top of the page], Mr. Payne states, *in pertinent part*: "Defendant [referring to Mr. Payne] does not believe this counsel [meaning Mr. McDermott] WILL provide proper representation . . . ."  On May 4, 2011, Magistrate Judge Watanabe granted Attorney Sean M. McDermott's [Second] Motion to Withdraw as Attorney [for Karl Payne].  See docket no. 55.  Magistrate Judge Watanabe also ordered Mr. Payne to proceed pro se on all future motions, hearings, and trial.  See docket no. 55.  Under these facts, I find that Mr. Payne has failed to cite any legal authority with particularity for the relief sought in the subject motion (docket no. 97).

Date:  August 18, 2011