IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02766-PAB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

104 MISCELLANEOUS FIREARMS,

    Defendants.

**ORDER**

    This matter comes before the Court on claimant Karl V. Payne, Jr.'s motion to reopen this case [Docket No. 188]. The Court construes plaintiff's motion as seeking relief pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996)).

    The United States commenced this action in rem pursuant to 18 U.S.C. § 924(d). The United States and claimants Karl V. Payne, Jr. and Marie Rehm entered into a Settlement Agreement, which was filed with the Court on December 16, 2011. *See* Docket No. 178.[1] The Court granted the United States' unopposed motion to dismiss without prejudice on December 22, 2011. *See* Docket No. 186. During the pendency of this matter, contempt proceedings regarding Mr. Payne came before the Court on the

---

[1] Mr. Payne and Ms. Rehm were the only two persons who filed claims.

Certification of Facts Pursuant to 28 U.S.C. § 636(e) [Docket No. 133] filed by Magistrate Judge Michael J. Watanabe.  This Court appointed an Assistant United States Attorney from the District of Wyoming to prosecute the criminal contempt proceedings and appointed defense counsel to represent Mr. Payne in those proceedings.  The Court granted the United States' motion to dismiss the contempt proceedings [Docket No. 179] on December 19, 2011.  See Docket No. 180.

In the present motion, Mr. Payne seeks to reopen this civil case on the grounds (1) that he should have been afforded representation during its pendency and (2) that his counsel in the criminal contempt proceeding purported to represent him in this matter and, in doing so, provided ineffective assistance.  In regard to his first contention, the Court appointed counsel on December 20, 2010 to represent Mr. Payne during the underlying proceedings.  In light of Mr. Payne's desire not to be represented by that attorney, the Court permitted his counsel to withdraw and ordered Mr. Payne to proceed pro se.  See Docket No. 55.  Mr. Payne identifies no basis for the Court to revisit that decision and to reopen this case so that he may now be represented.

As for plaintiff's argument regarding the nature of the representation he received from his counsel in the criminal contempt proceedings, the Court made clear during an October 25, 2011 status conference that the Court had appointed that attorney for the contempt proceedings only.  In any event, to the extent plaintiff contends that counsel established an attorney-client relationship in regard to the civil matter, any alleged ineffectiveness would not support granting relief pursuant to Fed. R. Civ. P. 60(b).  *See Hudelson v. Cowdry*, 3 F. App'x 845, 847 (10th Cir. 2001) (noting that there is no constitutional right to effective assistance of counsel in civil cases); *see also Siner v.*

*Eastside Community Investments, Inc.*, 22 F. App'x 642, 643 (7th Cir. 2001) (stating that "ineffective assistance of counsel does not fall under the rubric of Rule 60(b)") (citing *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801-02 (7th Cir. 2000); *Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997)).[2]

For the foregoing reasons, it is

**ORDERED** that claimant Karl V. Payne, Jr.'s motion to reopen this case [Docket No. 188] is DENIED.

DATED June 5, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2]There is a limited exception that is not applicable here. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120 (10th Cir. 2006) ("[T]he only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases."); *cf. United States v. Udell*, 132 F.3d 41 (table op.), 1997 WL 770390, at *2 (9th Cir. Dec. 10, 1997) ("Udell cannot support a claim of ineffective assistance of counsel for the administrative forfeiture matter because the protections of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] are not applicable to civil cases.").